UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE LAPIDUS LAW FIRM, PLLC**<br>1990 M St NW, Suite 350<br>Washington, DC 20036<br><br>      Plaintiff,<br><br>      v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**<br>600 5th Street, NW<br>   Washington, DC 20001<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1. This lawsuit is an action under the Public Access to Records Policy ("PARP") promulgated by the Washington Metropolitan Area Transit Authority ("WMATA"). Under the PARP, the Lapidus Law Firm seeks production of records in the custody and control of WMATA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under Section 81 of the WMATA Compact, D.C. Code § 9-1107.01, which provides that "[t]he United States District Courts shall have original jurisdiction . . . of all actions brought by or against [WMATA]." Section 9.3.2 of the PARP also provides that "[i]n accordance with Section 81 of the WMATA Compact, an action to enforce the [PARP] may be brought in any state or federal Court of

the United States located in the District of Columbia . . . without regard to the amount in controversy."

3. The Court also has jurisdiction under 28 U.S.C. §§ 1331, 2201(a) and 2202.

4. Venue is appropriate in this Court under 28 U.S.C. §1391.

## Parties

5. Plaintiff Lapidus Law Firm is law firm in Washington, DC.

6. Defendant WMATA is the multi-government agency that operates and administers the mass transit system in the Washington, D.C., metropolitan area.

## Facts

7. The PARP is WMATA's administrative equivalent to the federal Freedom of Information Act, 5 U.S.C. § 552, et seq., and generally mirrors the FOIA in all relevant respects. PARP § 1.0, https://www.wmata.com/about/records/public_docs/upload/PI-209-203_Public-20Access-20to-20Records_FINAL-2001-2017-202019.pdf.

8. The Lapidus Law Firm was retained by the parents of Ms. Mariam Hendricks, a nonverbal disabled adult, to investigate and seek redress of injuries that Ms. Hendricks suffered in a crash of her Metro Access van on October 1, 2019 somewhere on I-270.

9. On October 8, 2018, The Lapidus Law Firm sent a letter to WMATA referencing that incident. The letter stated:

> Pursuant to WMATA's Public Access to Records Policy and Ms. Mariam Hendricks enclosed, notarized Authorization for the Release of Records, we hereby request the following records related to the incidents on the above referenced dates:
>
> 1. Copies of the **incident/accident reports**;
> 2. All reports from the supervisors, including the street supervisor and operator;
> 3. Any and all visual evidence including but not limited to **Dive Cam/CCTV/Photographic Evidence**;
> 4. Any and all documents related to the investigation of these incidents; and
> 5. **Cost repair estimate** of damage to the Metro Access Van.

(emphasis in original).

10. On September 12, 2019, WMATA sent a letter acknowledging receipt of the request. The letter stated that video footage could only be viewed in the WMATA office, but the rest of the request was being processed.

11. On December 6, 2019, a WMATA employee sent the Lapidus Law Firm an email stating that no documents would be released "on pending claims."

12. No claim has been filed on behalf of Ms. Hendricks as a result of the October 1, 2019 crash.

13. Even if a claim had been filed, the PARP does not list pending claims as an exemption for release of records. PARP § 2.

14. On December 13, 2019, undersigned counsel sent an administrative appeal on behalf of the Lapidus Law Firm, challenging the denial of the PARP request, per policy, to WMATA Chief of External Relations, Ms. Barbara Richardson.

15. On December 31, 2019, "the PARP Team" sent an email response to the administrative appeal stating, "Please be advised that your request was directed to the Third-Party Claims Office for handling because it involved a matter currently pending before that office. Your request was not opened or processed as a PARP request, and there is no PARP decision to appeal."

16. The PARP mandates that WMATA must respond to a request within 20 working days. PARP § 7.10.

17. As of the filing of this action, 319 working days have passed.

## Cause of Action

18. The Lapidus Law Firm incorporates paragraphs 1—17 by reference.

19. WMATA wrongly withheld documents responsive to the Lapidus Law Firm's properly submitted request.

20. The Lapidus Law Firm has a right to the records it seeks, and there is no basis for the WMATA to withhold them.

21. As a result, by failing to release the records specifically requested by the Lapidus Law Firm, WMATA has violated PARP.

**REQUESTED RELIEF**

The Lapidus Law Firm therefore respectfully requests that this Court:

1. Declare that the records sought by the Lapidus Law Firm are subject to PARP;

2. Order WMATA to disclose the requested records;

3. Award costs and attorney's fees under the PARP § 9.3.4; and

4. Grant such other relief as the Court may consider just and proper.

Date: January 21, 2020

        Respectfully submitted,

        */s/ Deborah M. Golden*
        Deborah M. Golden
        The Law Office of Deborah M. Golden
        1415 H Street NE
        Washington, DC 20002
        (202) 630-0332
        D.C. Bar No. 470-578